UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREATBANC TRUST COMPANY,
a Illinois corporation,

    Plaintiff,

v.

REESE ZANTOP,

    Defendant.
_____/

Case No. 02-72905

Hon. ~~PATRICK J. DUGGAN~~

Circuit Court Case No. 02-612-CB
Hon. Donald E. Shelton

MAGISTRATE JUDGE SCHEER

DONALD C. DARNELL, P.C.
Attorneys for Plaintiff
By:   Don Darnell (P55268)
308 N. River St., 2nd Floor
Ypsilanti, Michigan 49198
(734) 544-7676

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant
By:   Barry L. Howard (P23458)
       Jason Schian Conti (P55617)
32270 Telegraph Road, Suite 225
Bingham Farms, Michigan 48025-2457
(248) 566-8400
_____/

FILED 2002 JUL 16 P 3:39 U.S. DIST COURT CLERK E. DIST MI

**DEFENDANT'S ~~APPLICATION~~ Notice of ~~FOR~~ REMOVAL**

Defendant Reese Zantop ("Mr. Zantop"), by filing this notice of removal and related papers, removes this action from the Circuit Court for the County of Washtenaw, State of Michigan, to the United States District Court, Eastern District of Michigan, Southern Division. In support of this removal, Mr. Zantop states:

1.  Plaintiff Greatbanc Trust Company ("GTC") filed this action in the Circuit Court of the County of Washtenaw, State of Michigan, on June 24, 2002, against Mr. Zantop, individually, alleging among other things breach of fiduciary duty, and violations of MCL §§ 450.1753 and 450.1541(a). GTC seeks an amount in excess of $20,500,000.00, exclusive of interest, costs and attorneys' fees.

2.  Mr. Zantop was served copies of the Summons and First Amended Complaint on June 26, 2002. Mr. Zantop attaches hereto copies of the process and pleadings in his possession as Exhibit A.

## DIVERSITY OF THE PARTIES

3.  Plaintiff GTC is a Illinois corporation, with its principal place of business in Illinois. Thus, for purposes of determining subject matter jurisdiction, GTC is only a citizen of the State of Illinois. 28 U.S.C. §1332(c)(1).

4.  Defendant Mr. Zantop is a citizen and resident of the State of Florida. See Affidavit of Reese Zantop, attached hereto as Exhibit B. Thus, for purposes of determining subject matter jurisdiction, Defendant Mr. Zantop is only a citizen of the State of Florida. 28 U.S.C. §1332(c)(1).

5.  Accordingly, complete diversity exists between GTC and Mr. Zantop.

## AMOUNT IN CONTROVERSY

6. The First Amended Complaint alleges damages in an amount in excess of $20,500,000.00, exclusive of interest, costs and attorneys' fees.

7. Accordingly, this Court has original jurisdiction under 28. U.S.C. §1332(a)(1) because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

8. Venue is also proper in this district and division because for purposes of the venue statute a substantial part of the alleged events or omissions giving rise to the claims occurred in this district and division. 28 U.S.C. §1391(a). Therefore, this case is properly removed to the United States District Court of the Eastern District of Michigan, Southern Division. 28 U.S.C. §1446(a).

9. Mr. Zantop will promptly have a copy of this application and the Notice of Filing of Removal (a copy is attached hereto as Exhibit C) filed with the Clerk of the Circuit Court for the County of Washtenaw, State of Michigan, as required by 28 U.S.C. §§ 1441(a) and 1446(d).

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant

By:_____
Barry L. Howard (P23458)
Jason Schian Conti (P55617)
32270 Telegraph Road, Suite 225
Bingham Farms, Michigan 48025-2457
(248) 566-8400

Dated: July 16, 2002

OAK_A\545521.1

| 22ⁿᵈ ~~JUDICIAL DISTRICT~~ **JUDICIAL CIRCUIT** ~~COUNTY PROBATE~~ | SUMMONS AND COMPLAINT | CASE NO. 02-612 CB |
|---|---|---|

Court Address: 101 E. Huron, P.O. Box 8645, Ann Arbor, Michigan 48107   Court telephone no. (734)994-2507

**Plaintiff** name(s), address(es) and telephone no(s).:
GREATBANC TRUST COMPANY,
an Illinois corporation

Plaintiff attorney, bar no., address, and telephone no.:
Don Darnell (P55268)
308 N. River St., 2ⁿᵈ Floor
Ypsilanti, Michigan 48198
734/544-7676

V

**Defendant** name(s), address(es), and telephone no(s).:
REESE ZANTOP
827 Willow Run Airport
Ypsilanti, Michigan 48198

**SUMMONS   NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: **SEP 2 5 2002**   Court clerk

*This summons is invalid unless served on or before its expiration date.*

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
_ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
_ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action __ remains __ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no | Judge | Bar no |
|---|---|---|

**General Civil Cases**
x There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
_ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action __ remains __ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no | Judge | Bar no |
|---|---|---|

**VENUE**

Plaintiff(s) residence (include city, township, or village): Michigan and foreign states

Defendant(s) residence (include city, township, or village): Ypsilanti Township, Michigan

Place where action arose or business conducted: Ypsilanti Township, Michigan

Date: 9/24/02   I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Signature of attorney/Plaintiff

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

PUBLISHING CORPORATIONS 01 (9/98) SUMMONS AND COMPLAINT   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| SUMMONS AND COMPLAINT |
|---|
| Case No. 02-612 CB |

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

___ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required)

OR

___ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required)

___ I served personally a copy of the summons and complaint,
___ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____

List all documents served with the Summons and Complaint

| Defendant's Name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

___ After diligent search and inquiry, I have been unable to find and serve the following Defendant(s):
_____

I have made the following efforts in attempting to serve the Defendant(s): _____

___ I have personally attempted to serve the summons and complaint, together with
_____
Attachment
on _____
  Name
at _____ and have been unable to complete service because
  Address
the address was incorrect at the time of filing.

| Service Fee | Miles Traveled | Mileage Fee | Total Fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  Signature: _____
                         Date                        Deputy court clerk/Notary Public

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with:

_____ on _____
Attachments                                  Day, date, time
                      on behalf of _____
Signature

p. 03

STATE OF MICHIGAN

IN THE CIRCUIT COURT IN THE COUNTY OF WASHTENAW

GREATBANC TRUST COMPANY,
a Illinois corporation,

Plaintiff,

v.

REESE ZANTOP,

Defendant.
_____/

Case No. 02-612 CB
Honorable Donald E. Shelton

**FIRST AMENDED COMPLAINT
and
JURY DEMAND**

Don Darnell   (P55268)
Donald C. Darnell, P.C.
Attorney for Plaintiff
308 N. River St., 2nd Floor
Ypsilanti, Michigan 49198
734/544-7676
_____/

## FIRST AMENDED COMPLAINT

Now comes Plaintiff, Greatbanc Trust Company, by and through counsel, Donald C. Darnell, P.C., and states the following as their complaint against Defendant:

1. Plaintiff is a Illinois corporation with its registered offices in the municipality of Oak Brook, State of Illinois.

2. Defendant Reese C. Zantop is President of Reliant Airlines, Inc., a Michigan corporation, whose registered address is in the Township of Ypsilanti, Washtenaw County, Michigan. County, Michigan.

3. MCL § 450.1489 allows a shareholder to bring an action in circuit court of the county in which the principal place of business or registered office of the corporation is located.

4. The principle place of business and registered office of the corporation are Ypsilanti

-1-

Township, Washtenaw County, Michigan.

5. The relief requested exceeds $25,000.00, exclusive of interests and costs.

6. On or about January 1st, 1996, Reliant Airlines, Inc. (hereinafter "the Company") started an Employee Stock Option Plan ("ESOP" or "the Plan") whereby Reese Zantop was paid $20,500,000.00 for 51 percent of the Company's stock. Said stock was transferred to a third party trustee for the benefit of the plan participants and eventually transferred to the Plaintiff as trustee for the Plan.

7. Plaintiff is a "Shareholder" pursuant to MCL § 450.1491a(b) in that Plaintiff holds in trust the shares of the Plan on behalf of the Plan's participants.

8. Upon information and belief, at all relevant times hereinafter mentioned since the creation of the Plan, Defendant was and is a duly appointed officer and elected member of its board of directors.

9. Plaintiffs intend to amend this complaint to add all Officers and Directors of the Company, as they become known to Plaintiff.

10. The Plan requires the Trustee to vote all company stock held by it, to include stock which is allocated and stock which is not yet allocated, for a total of 51 percent of the stock of the Company.

11. The Plan requires a shareholder vote, at a minimum, in the following instances:

    a. Election of the Board of Directors;

    b. Liquidation of Company;

    c. Major sale, distribution, abandonment, or transfer of assets;

12. The Company was and is, at all times relevant to this complaint, engaged in the business of

air-freight transportation.

13. That the Company was and is required to pay monthly Loan Contributions in whatever amount necessary to an outside lender, Bank One, on the loan which enabled the Plan to purchase the stock.

14. That the Company failed and, upon information and belief, continues to fail to pay said monthly Loan Contributions as required.

15. That as of January 2002 the Company had major assets including, but not limited to, 12 Falcon 20 aircraft and 4 DC-9 aircraft.

16. That on or about March 14th, 2002 Defendants disposed of all 12 Falcon 20 aircraft and 3 DC-9 aircraft by surrendering the same to Bank One.

17. That Defendants have, since on or about March 14th, 2002, continued to dispose of other Company major assets.

18. That upon information and belief, the remaining assets of the Company are not adequate to satisfy the Company's creditors.

### Count I
### Breach of Fiduciary Duty

19. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

20. At all times hereinbefore mentioned, it was the duty of the defendant, as director and officer, to see that the property and effects of said Company were diligently and honestly administered and to see that the same were not wasted or squandered.

21. Defendant breached that duty to the Plaintiff by failing to pay the monthly Loan Contribution installments without advising shareholders and/or soliciting a shareholder vote.

-3-

22. Defendant breached that duty to the Plaintiff by disposing of the Company's major assets without advising shareholders and/or soliciting a shareholder vote.

23. As a direct and proximate result of the negligent acts, omissions and breaches of Defendant, Plaintiff has been injured as set forth herein.

### Count II
### *Disposition of Corporate Property Violative of MCL § 450.1753*

24. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

25. To dispose of property and assets, MCL § 450.1753 requires a corporation's board of directors receive consideration and to make a recommendation of the proposed transaction to the shareholders.

26. Defendant disposed of the Company's property and assets without receiving consideration and without making a recommendation of the proposed transaction to the shareholders.

27. Said disposition of property was not in the usual and regular course of business of the Company.

28. Defendant's conduct is violative of MCL § 450.1753 in that Defendant failed to solicit a shareholder vote prior to disposing of the Company's property and assets.

29. As a direct and proximate result of the negligent acts, omissions and breaches of Defendant, Plaintiff has been injured as set forth herein.

### Count III
### *Breach of Fiduciary Duty - Duty to Not Compete*

30. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

31. That at certain times since the start of the Plan, Defendant created direct competitors to the

-4-

Company, to include, but not limited to, Reliant Logistics, Inc.

32. Said competitors were substantially or wholly owned by Defendant.

33. Said competitors engaged in practices which diverted the Company's opportunities to third parties.

34. Defendant created said competitors and appropriated corporate opportunities for their own gain and to the detriment of the Company.

35. A corporate officer or director has a fiduciary obligation to not divert a corporate business opportunity for his own personal gain.

36. That at all times relevant to this complaint, said business opportunities were that which the Company was financially able to undertake; were, from their nature, in the line of the Company's business and were of practical advantage to it; and were opportunities in which the Company had an interest or a reasonable expectation.

37. The self interest of Defendant, by and through said competitors, was in direct conflict with that of the Company.

38. Defendant's breached their fiduciary duties to the Company, and the Plaintiff, and Plan participants as named herein.

39. As a direct and proximate result of the negligent acts, omissions and breaches of Defendant Plaintiffs have been injured as set forth herein.

### Count VI
### Breach of Good Faith and Breach of Duty of Care
### Pursuant to MCL § 450.1541a

40. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

41. The General Corporations Act, MCL § 450.1541a(1) requires directors and officers to

-5-

discharge their duties in the follow manner:

a. In good faith;

b. With the care an ordinarily prudent person in a like position would exercise under similar circumstances;

c. In a manner he or she reasonable believes to be in the best interests of the corporation.

42. Defendant's actions or inactions are a breach of the duty of good faith, ordinary care, and not reasonably in the best interests of the corporation.

43. As a direct and proximate result of the negligent acts, omissions and breaches of Defendant Plaintiff has been injured as set forth herein.

44. The liability created by this action is non-dischargable in bankruptcy pursuant to 11 USC §523(6).

Wherefore, Plaintiff, pursuant to claims made above, request a judgment for Plaintiff and against Defendant in an amount not less than $20,500,000.00, plus costs, interest, and attorney fees.

June 24, 2002

Respectfully submitted,

Don Darnell
Attorney for Plaintiff Greatbanc Trust Co.

## JURY DEMAND

Plaintiff's demand for jury trial is continued.

June 24, 2002

Respectfully submitted,

Don Darnell
Attorney for Plaintiff Greatbanc Trust Co.

-6-

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREATBANC TRUST COMPANY,
a Illinois corporation,

    Plaintiff,

v.

REESE ZANTOP,

    Defendant.
_____/

Case No. 02-72905

Hon. ~~PATRICK J. DUGGAN~~

Circuit Court Case No. 02-612-CB
Hon. Donald E. Shelton

MAGISTRATE JUDGE SCHEER

DONALD C. DARNELL, P.C.
Attorneys for Plaintiff
By:    Don Darnell (P55268)
308 N. River St., 2nd Floor
Ypsilanti, Michigan 49198
(734) 544-7676

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant
By:    Barry L. Howard (P23458)
        Jason Schian Conti (P55617)
32270 Telegraph Road, Suite 225
Bingham Farms, Michigan 48025-2457
(248) 566-8400
_____/

**PROOF OF SERVICE**

FILED
2002 JUL 16 P 3:39
U.S. DIST. COURT CLERK
EAST. DIST. MICH.

JASON SCHIAN CONTI, after being first duly sworn, deposes and says that on the 16th day of July, 2002, he served copies of (1) *Defendant's Notice of Filing Removal*, (2) *Defendant's Application for Removal*, and (3) the *Proof of Service*, on the following person at the following address:

>Don Darnell, Esq.
>308 N. River St., 2nd Floor
>Ypsilanti, Michigan 49198
>
>(via first class mail, postage prepaid)

JASON SCHIAN CONTI

Subscribed and sworn to before me
this 16th day of July, 2002

Notary Public, Wayne
My Commission Expires: 10/1/2005

OAK_A\545604.1

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED