UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREATBANC TRUST COMPANY,
a Illinois corporation,

       Plaintiff,

v.

REESE ZANTOP,

       Defendant.

Case No.: 02-72905
Honorable Patrick J. Duggan

_____/

Don Darnell   (P55268)
Donald C. Darnell, P.C.
Attorney for Plaintiff
308 N. River St., 2nd Floor
Ypsilanti, Michigan 49198
734/544-7676

NIK LULGJURAJ (P48879)
Attorney for Plaintiff
316 Ecorse Road, Suite 103
Ypsilanti, MI 48198
(734) 485-0535

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant
By:    Barry L. Howard (P23548)
       Jason Schian Conti (P55617)
32270 Telegraph Road, Suite 225
Bingham Farms, MI 48025
(248) 566-8400

_____/

### SECOND AMENDED COMPLAINT
### DETAILING WITH MORE FACTUAL SPECIFICITY COUNT IV
### PURSUANT TO STIPULATION AND ORDER FOR FACILITATION
### AND VOLUNTARY DISCOVERY ENTERED ON AUGUST 20, 2002

Now comes Plaintiff, Greatbanc Trust Company, by and through counsel, Donald C.
Darnell, P.C. and Nik Lulgjuraj, and states the following as its Second Amended Complaint against

Defendant:

1.    Plaintiff is a Illinois corporation with its registered offices in the municipality of Oak Brook,
      State of Illinois.

2.    Defendant Reese C. Zantop is President of Reliant Airlines, Inc., a Michigan corporation,
      whose registered address is in the Township of Ypsilanti, Washtenaw County, Michigan.
      County, Michigan.

3.    MCL § 450.1489 allows a shareholder to bring an action in circuit court of the county in
      which the principal place of business or registered office of the corporation is located.

4.    The principle place of business and registered office of the corporation are Ypsilanti
      Township, Washtenaw County, Michigan.

5.    The relief requested exceeds $25,000.00, exclusive of interests and costs.

6.    On or about January 1st, 1996, Reliant Airlines, Inc. (hereinafter "the Company" started an
      Employee Stock Option Plan ("ESOP" or "the Plan") whereby Reese Zantop was paid
      $20,500,000.00 for 51 percent of the Company's stock. Said stock was transferred to a third
      party trustee for the benefit of the plan participants and eventually transferred to the
      Plaintiff as trustee for the Plan.

7.    Plaintiff is a "Shareholder" pursuant to MCL § 450.1491a(b) in that Plaintiff holds in trust
      the shares of the Plan on behalf of the Plan's participants.

8.    Upon information and belief, at all relevant times hereinafter mentioned since the creation
      of the Plan, Defendant was and is a duly appointed officer and elected member of its board of
      directors.

9.    Plaintiffs intend to amend this complaint to add all Officers and Directors of the Company,

-2-

as they become known to Plaintiff.

10.    The Plan requires the Trustee to vote all company stock held by it, to include stock which is allocated and stock which is not yet allocated, for a total of 51 percent of the stock of the Company.

11.    The Plan requires a shareholder vote, at a minimum, in the following instances:

     a.    Election of the Board of Directors;

     b.    Liquidation of Company;

     c.    Major sale, distribution, abandonment, or transfer of assets;

12.    The Company was and is, at all times relevant to this complaint, engaged in the business of air-freight transportation.

13.    That the Company was and is required to pay monthly Loan Contributions in whatever amount necessary to an outside lender, Bank One, on the loan which enabled the Plan to purchase the stock.

14.    That the Company failed and, upon information and belief, continues to fail to pay said monthly Loan Contributions as required.

15.    That as of January 2002 the Company had major assets including, but not limited to, 12 Falcon 20 aircraft and 4 DC-9 aircraft.

16.    That on or about March 14th, 2002 Defendants disposed of all 12 Falcon 20 aircraft and 3 DC-9 aircraft by surrendering the same to Bank One.

17.    That Defendants have, since on or about March 14th, 2002, continued to dispose of other Company major assets.

18.    That upon information and belief, the remaining assets of the Company are not adequate to

-3-

satisfy the Company's creditors.

### Count I
### *Breach of Fiduciary Duty*

19.    Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

20.    At all times hereinbefore mentioned, it was the duty of the defendant, as director and officer,

to see that the property and effects of said Company were diligently and honestly

administered and to see that the same were not wasted or squandered.

21.    Defendant breached that duty to the Plaintiff by failing to pay the monthly Loan

Contribution installments without advising shareholders and/or soliciting a shareholder vote.

22.    Defendant breached that duty to the Plaintiff by disposing of the Company's major assets

without advising shareholders and/or soliciting a shareholder vote.

23.    As a direct and proximate result of the negligent acts, omissions and breaches of Defendant -

Plaintiff has been injured as set forth herein.

### Count II
### *Disposition of Corporate Property Violative of MCL § 450.1753*

24.    Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

25.    To dispose of property and assets, MCL § 450.1753 requires a corporation's board of

directors receive consideration and to make a recommendation of the proposed transaction

to the shareholders.

26.    Defendant disposed of the Company's property and assets without receiving consideration

and without making a recommendation of the proposed transaction to the shareholders.

27.    Said disposition of property was not in the usual and regular course of business of the

-4-

Company.

28.    Defendant's conduct is violative of MCL § 450.1753 in that Defendant failed to solicit a
       shareholder vote prior to disposing of the Company's property and assets.

29.    As a direct and proximate result of the negligent acts, omissions and breaches of Defendant -
       Plaintiff has been injured as set forth herein.

### Count III
### *Breach of Fiduciary Duty - Duty to Not Compete*

30.    Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

31.    That at certain times since the start of the Plan, Defendant created direct competitors to the
       Company, to include, but not limited to, Reliant Logistics, Inc.

32.    Said competitors were substantially or wholly owned by Defendant.

33.    Said competitors engaged in practices which diverted the Company's opportunities to third
       parties.

34.    Defendant created said competitors and appropriated corporate opportunities for their own
       gain and to the detriment of the Company.

35.    A corporate officer or director has a fiduciary obligation to not divert a corporate business
       opportunity for his own personal gain.

36.    That at all times relevant to this complaint, said business opportunities were that which the
       Company was financially able to undertake; were, from their nature, in the line of the
       Company's business and were of practical advantage to it; and were opportunities in which
       the Company had an interest or a reasonable expectation.

37.    The self interest of Defendant, by and through said competitors, was in direct conflict with

-5-

that of the Company.

38.    Defendant's breached their fiduciary duties to the Company, and the Plaintiff, and Plan

       participants as named herein.

39.    As a direct and proximate result of the negligent acts, omissions and breaches of Defendant -

       Plaintiffs have been injured as set forth herein.

**Count VI**
***Breach of Good Faith and Breach of Duty of Care***
***Pursuant to MCL § 450.1541a***

40.    Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

41.    The General Corporations Act, MCL § 450.1541a(1) requires directors and officers to

       discharge their duties in the follow manner:

       a.    In good faith;

       b.    With the care an ordinarily prudent person in a like position would exercise under

             similar circumstances;

       c.    In a manner he or she reasonable believes to be in the best interests of the

             corporation.

42.    The Defendant, upon information and belief, from on or about the month of October of

       2001 abandoned or substantially neglected his duties as officer and director of the

       corporation, resulting in the lack of management and oversight at the corporation.

43.    The Defendant breached his duty of good faith and duty of care pursuant to MCL §

       450.1541a by failing to adequately informing Plaintiff and ESOP plan participants that he

       intended to relinquish the most viable assets of the corporation, i.e. aircrafts, to the creditor

       BankOne, thereby leaving Plaintiff and the ESOP plan participants in a status that made it

-6-

impossible to continue operation of the corporation.

44.     The Defendant breached his duty of good faith and duty of care pursuant to MCL §
        450.1541a by diverting business opportunities and assets to either personal use or to
        seemingly competing companies, which the Defendant has a financial interest.

45.     The Defendant breached his duty of good faith and duty of care pursuant to MCL §
        450.1541a by failing to seek adequate replacement financing in order to prevent the default
        on loans securing the aircraft and/or maintaining the ESOP.

46.     The Defendant breached his duty of good faith and duty of care pursuant to MCL §
        450.1541a by failing to plan for the repayment obligation of the leveraged ESOP herein.

47.     The Defendant breached his duty of good faith and duty of care pursuant to MCL §
        450.1541a by failing to defend and allow a default to enter in the lawsuit of Bank One,
        Michigan v. Reliant Airlines, Inc., Washtenaw County Circuit Court case number 02-383-
        PD.  This pattern of inaction by the Defendant reduced the value of the assets of the
        corporation, in that, they were sold by a liquidator at a lower value that the corporation
        could have achieved on the open market.  The Defendant, through his pattern of inaction,
        abandoned the assets of the corporation, thereby injuring Plaintiff and other ESOP plan
        participants.

48.     The Defendant breached his duty of good faith and duty of care pursuant to MCL §
        450.1541a by utilizing for personal use a Falcon aircraft that was otherwise property of the
        corporation, thereby diminishing its revenue generating ability and otherwise diminishing its
        value as an aircraft.

49.     The Defendant breached his duty of good faith and duty of care pursuant to MCL §

-7-

450.1541a by forming and operating competing and ancillary business to the corporation, in which he had a pecuniary interest, and not charging rent to this competing organization or otherwise using Reliant Airlines, Inc., assets to prop up and sustain, in whole or part, these other entities.

50. The Defendant breached his duty of good faith and duty of care pursuant to MCL § 450.1541a by entering into a lease whereby a DC-9 engine was leased to the corporation. The Defendant himself or through another corporation or affiliate that he controlled was the lessor and Reliant Airlines, Inc., was the lessee. The DC-9 engine was of no practicable value to Reliant Airlines, in that, it was inert during the period of the lease. The purpose of the lease was self dealing enrichment on behalf of the Defendant. The Defendant himself, or through a corporation, benefitted from this unnecessary lease.

51. The Defendant breached his duty of good faith and duty of care pursuant to MCL § 450.1541a by misappropriating the monies from the liquidated damages provision of the contract that Reliant Airlines, Inc., had with the parcel/letter carried Federal Express, a.k.a. Fed/Ex. The contract with Fed/Ex provided that if Fed/Ex were to cancel its arrangement with Reliant Airlines, Inc., then Fed/Ex would pay a substantial cancellation fee. This cancellation fee was paid, but, upon information and belief, the fee was not used to fund continuing operations of the corporation.

52. Defendant's actions or inactions are a breach of the duty of good faith, ordinary care, and not reasonably in the best interests of the corporation.

53. As a direct and proximate result of the negligent acts, omissions and breaches of Defendant - Plaintiff has been injured as set forth herein.

54.     The liability created by this action is non-dischargable in bankruptcy pursuant to 11 USC

§523(6).

Wherefore, Plaintiff, pursuant to claims made above, request a judgment for Plaintiff and

against Defendant in an amount not less than $20,500,000.00, plus costs, interest, and attorney fees.

Furthermore, the Plaintiff reserves the right to amend this Complaint to allege additional causes of

action as discovery may reveal.

August 30, 2002                                    Respectfully submitted,

                                                   Don Darnell
                                                   Attorney for Plaintiff Greatbanc Trust Co.

## JURY DEMAND

Plaintiff's demand for jury trial is continued.

August 30, 2002                                    Respectfully submitted,

                                                   Don Darnell
                                                   Attorney for Plaintiff Greatbanc Trust Co.

-9-